IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JON GRAY,

    Plaintiff,

v.

SAN FRANCISCO DEPUTY SHERIFFS ASSOCIATION, and DOES 1–10, inclusive,

    Defendants.

No. C 13-04340 WHA

**ORDER GRANTING MOTION TO DISMISS**

## INTRODUCTION

In this action for the breach of duty of fair representation, defendants move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. For the reasons set forth below, the motion is **GRANTED**.

## STATEMENT

Pro se plaintiff Jon Gray had been a deputy sheriff for the City and County of San Francisco for almost ten years when his employment was terminated on October 6, 2008. According to the complaint, the termination was based on "progressive discipline." Plaintiff alleges that he started receiving admonishments after he filed a sexual harassment claim and a subsequent workers compensation claim. Prior to plaintiff's sexual harassment claim, he had received many commendations, awards, and community recognition for his law enforcement service.

In December 2006, plaintiff received a twenty-day suspension, which was appealed by plaintiff and the San Francisco Deputy Sheriff's Association, the employee union, a defendant herein. In 2007, plaintiff and the union went through a grievance process and compelled an

1  arbitration hearing for plaintiff. On August 19, 2010, the termination hearing officer ruled against
2  plaintiff. Plaintiff subsequently requested the union arbitrate three other disciplinary actions
3  against plaintiff that were still pending. The union's counsel refused to do so. Plaintiff was
4  subsequently told that he had lost those appeals because his union had waived its right to
5  arbitrate. On August 16, 2012, plaintiff's former employer closed its files on the appeals. On
6  October 4 and November 27, 2012, plaintiff again sent letters to the union requesting
7  representation. The union failed to respond.

8  In January 2013, plaintiff filed a new claim with his former employer, who denied the
9  claim and provided a right to sue notice. On March 25, the union's legal counsel informed
10 plaintiff that it would not represent him in this new action.

11 On September 19, plaintiff brought this action, requesting a determination as to whether
12 the union had a duty to represent him. Plaintiff further alleges damages in the amount of
13 $1,727,488 as a consequence of having been terminated.

14 Defendants moved to dismiss for lack of subject-matter jurisdiction. This order follows
15 full briefing and oral argument.

**ANALYSIS**

17 Federal courts are courts of limited jurisdiction and possess only the power authorized by
18 the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377
19 (1994). Jurisdiction must be affirmatively alleged. *Bautista v. Pan Am. World Airlines*,
20 828 F.2d 546, 552 (9th Cir. 1987). Generally, federal subject-matter jurisdiction may be
21 established where the claims raise a federal question or where there is diversity of parties.
22 The burden of establishing diversity jurisdiction falls on the party asserting it. *Kokkonen*, 511
23 U.S. at 377.

24 Plaintiff's pro se complaint does not state the basis for invoking federal jurisdiction.
25 Plaintiff's claim for relief appears to allege that defendant breached its duty of fair representation
26 by failing to represent him effectively during his employer's disciplinary process. Accordingly,
27 the two most plausible bases for asserting federal jurisdiction would be diversity-of-citizenship or
28 federal-question jurisdiction under Section 301(a) of the Labor Management Relations Act.

### 1. DIVERSITY JURISDICTION.

Diversity must exist at the time the lawsuit was filed. *Grupo Dataflux v. Atlas Global Group, LP*, 541 U.S. 567, 571 (2004). And, complete diversity is required. "[D]istrict courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. 1332(a).

Plaintiff fails to allege that he and the union are citizens of a state other than California. Accordingly, diversity jurisdiction cannot serve as the basis for subject-matter jurisdiction.

### 2. FEDERAL-QUESTION JURISDICTION.

District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. 1331. A case "arises under" federal law if the complaint establishes "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009). Federal-question jurisdiction exits only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1091 (9th Cir. 2009).

Here, plaintiff cannot establish federal-question jurisdiction under Section 301(a), duty of fair representation, of the Labor Management Relations Act ("LMRA"). 29 U.S.C. 185(a). The Supreme Court explained the nature of a claim brought pursuant to the LMRA:

> When the union representing the employee [against the employer] in the grievance/arbitration procedure acts in such a discriminatory, dishonest, or perfunctory fashion as to breach its duty of fair representation . . . an employee may bring a suit against both the employer and the union, notwithstanding the outcome or finality of the grievance or arbitration proceeding.

*DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 164 (1983). Our court of appeals, however, has held that the protections of Section 301(a) do not apply to employees of states and their political subdivisions. *Ayres v. International Broth. of Elec. Workers*, 666 F.2d 441, 444 (9th Cir. 1982). The explicit language of the LMRA excludes states and their political subdivisions from its definition of "employer":

3

> The term "employer" includes any person acting as an agent of an employer, directly or indirectly, but shall not include the United States or any wholly owned Government corporation, or any Federal Reserve Bank, or *any State or political subdivision thereof* . . . or any labor organization (other than when acting as an employer), or anyone acting in the capacity of officer or agent of such labor organization.

29 U.S.C. 152(2) (emphasis added).

The general definition section for the LMRA provides that the terms "employer," "employee," and "labor organization," shall have the same definitions when used elsewhere in the LMRA, as those terms are given in Section 152.

Thus, the LMRA does not grant a federal district court jurisdiction over claims against an individual employed by a political subdivision of the state. *See Ayres*, 666 F.2d at 444. Plaintiff has cited no decision finding jurisdiction over a municipal employer under the LMRA. Accordingly, plaintiff's fair representation claim does not establish federal subject-matter jurisdiction.

Plaintiff contends that he cannot receive a fair trial in state court because he was formerly a bailiff for the San Francisco Superior Court and his reputation has been harmed as a result of his discipline and termination. Even so, this does not establish federal-question jurisdiction.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss for lack of subject-matter jurisdiction is **GRANTED**. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: December 5, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4